**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KRISTI MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-cv-00024-LGW-RSB |
| | ) | |
| SHOE SHOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT SHOE SHOW, INC.'S REPLY BRIEF IN SUPPORT**
**OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Shoe Show, Inc. ("Shoe Show") submits the following Reply Brief in Support of its Motion for Summary Judgment. As demonstrated below, Plaintiff has failed to show that genuine issues of material fact remain on her claims.

**I.      THE MATERIAL FACTS ARE UNDISPUTED**

Plaintiff admitted the majority of the facts contained in Defendant's Statement of Undisputed Material Facts (Doc. 18). (*See* Pl.'s Resp. to DSUMF [Doc. 23-1] ¶¶ 1-7, 9, 12-15, 17, 25, 30-32, 34-37, 39, 41, 44-46, 52-53.) As to the facts which Plaintiff purportedly disputed, her response was insufficient as she either failed to directly rebut the facts alleged, failed to cite admissible evidence to support her contention, or failed to state a valid objection. (*See* Pl.'s Resp. to DSUMF ¶¶ 8, 10-11, 16, 18-24, 26-29, 33, 38, 40, 42-43, 47-51.) Therefore, the Court should deem those facts admitted. *See Bank of Ozarks v. Kingsland Hosp., LLC*, 2012 U.S. Dist. LEXIS 144666, at *11 (S.D. Ga. Oct. 5, 2012) ("Where the party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Facts . . . or otherwise fails to state a valid objection to the material fact . . . such fact is deemed admitted by

the respondent.") (citations omitted).

Moreover, to the extent Plaintiff relies on her self-serving affidavit (Doc. 23-2) to rebut Shoe Show's facts, the Court should disregard those portions as a mere sham to avoid summary judgment because the vast majority of Plaintiff's affidavit contradicts Plaintiff's prior sworn testimony. *See Van T. Junkins v. U.S. Indus.*, 736 F.2d 656 (11th Cir. 1984); *see also McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (noting that a court "may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony"); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (finding conclusory, self-serving, or uncorroborated allegations in affidavit could not create issue of fact sufficient to defeat well supported summary judgment).

While Plaintiff incorporates her Statement of Facts in her response, in violation of Local Rule 7.1(b), she almost entirely fails to cite to any evidence to support her factual allegations. (*See* Doc. 23 at 1-13.) Accordingly, the Court should disregard all facts in Plaintiff's response that are not supported by evidence in the record.

## II.   <u>PLAINTIFF'S CLAIMS FAIL</u>[1]

### a.   <u>Summary Judgment is Appropriate on Plaintiff's FLSA Overtime Claim.</u>

In response to Shoe Show's Motion, Plaintiff has failed to show any triable issues of fact remain with respect to whether Shoe Show properly classified her as an exempt employee under

---

[1] In response to Shoe Show's Motion, Plaintiff does not dispute that: (1) she has abandoned her breach of contract claim, and (2) to the extent she prevails on her overtime claim, her claim is only subject to a two-year, rather than a three-year, statute of limitations. Therefore, the Court should grant summary judgment in favor of Shoe Show on these issues.

the executive and administrative exemptions of the FLSA.  *See* 29 U.S.C. § 213(a)(1).  Therefore, Plaintiff's overtime claim fails, and she is not entitled to any overtime wages under the FLSA.

### i. Plaintiff Was An Exempt Employee Under the Executive Exemption.

Plaintiff failed to show any triable issues of fact remain regarding whether she satisfied the requirements of the executive exemption during her employment as a store manager with Shoe Show.  *See* 29 C.F.R. § 541.100(a).  First, it is undisputed that Plaintiff meets the salary basis test, as Plaintiff admits Shoe Show paid her a weekly salary of $700 per week regardless of the quantity or quality of her work.  (*See* Pl.'s Resp. to DSUMF ¶¶ 39, 41, 44, 45, 46.)

Second, Plaintiff failed to show there exists a fact issue regarding whether she customarily and regularly directed the work of two or more other employees.  While Plaintiff denied that Shoe Show's records reflect that she customarily and regularly supervised 80 or more subordinate hours per week, she failed to cite to any evidence in the record to dispute this fact.  (*See* Pl.'s Resp. to DSUMF ¶ 49.)  Moreover, Plaintiff does not dispute that she directed the work of her subordinate employees.  While Plaintiff contends that she did not spend much time "directing" the work of her subordinates because they already knew what to do (Doc. 23 at 3, 5-7), the mere fact that Plaintiff did not micromanage her employees does not show that she did not direct their work.  If anything, Plaintiff's contention that "[t]he store almost functioned without supervision, if the hourly employees were conscientious and well trained" (Doc. 23 at 8-9), is a testament to her performance as a store manager in properly training and supervising her subordinates.

Third, it is undisputed that Plaintiff had the authority to hire hourly employees and, with respect to full-time key holders, she was responsible for collecting resumes, determining which candidates would be the best fit for the store, and making recommendations to the district manager.  (*See* Pl.'s Resp. to DSUMF ¶¶ 12, 13, 14, 15.)  Indeed, Plaintiff expressly admits that she was

involved in interviewing and hiring hourly associates in her affidavit.  (Doc 23 at 3, 6; Doc. 23-2 ¶ 4.A.)  Plaintiff claims that she was rarely required to perform this duty because "there were [sic] not much turnover in the Jessup store."  (Doc. 23 at 6.)  This is nothing more than a red herring and is not relevant in determining whether Plaintiff satisfies this prong of the executive exemption analysis.

Plaintiff claims that Shoe Show has "failed to show with any persuasive evidence that the Plaintiff's primary duty was management."  (Doc. 23 at 20.)  This statement is not supported by the evidence in the record.  The Court need look no further than Plaintiff's own deposition testimony to see that her primary duty was managing the store.  Specifically, Plaintiff testified as follows:

> Q:     So, you were responsible for the overall store operations, right?
>
> A:     Correct.

(Pl. Dep. 36:2-4.)  Plaintiff's testimony is clear as day, and she cannot now credibly claim that she was not responsible for the overall operations of a store which, on average, generated approximately $880,000 in revenue per year.  (See Pl.'s Resp. to DSUMF ¶ 10.[2])  Moreover, Plaintiff admits that unless her district manager was at the store, she was the highest level of management, and that her district manager only came to her store approximately once a month. (See Pl.'s Resp. to DSUMF ¶¶ 5, 9.)  Even though Plaintiff claims she spent little time performing management duties, it is telling that she fails to allege that someone else was responsible for performing these essential management duties at the store.

Plaintiff makes the unsubstantiated claim that "Shoe Show has submitted no proof as to the Plaintiff's actual duties."  (Doc. 23 at 5.)  As an initial matter, any conclusory statements by

---

[2]Not surprisingly, Plaintiff failed to cite to any evidence in the record to rebut this fact.

Plaintiff's counsel in her brief or contradictory statements in her affidavit are insufficient to foreclose summary judgment. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."). Moreover, Plaintiff ignores the numerous admissions she made during her deposition which establish that her primary job duty was managing the store's operations. Indeed, Plaintiff failed to dispute most of Shoe Show's facts regarding her job duties. (*See* Pl.'s Resp. to DSUMF ¶¶ 9, 12-15, 17, 25, 30-32, 34-37.) While she tried to dispute other facts related to her job duties, she failed to offer any evidence or adequate reason in support of her basis for disputing them. (*See* Pl.'s Resp. to DSUMF ¶¶ 18-19, 22-24, 26-29.) Furthermore, to the extent Plaintiff cited to evidence in the record, it only strengthens Shoe Show's argument as she doubled down on her admissions that she interviewed and hired employees (Doc. 23-2 ¶ 4.A.); trained them (Doc. 23-2 ¶ 4.B.); directed their work (Doc. 23-2 ¶ 4.E.); disciplined them (Doc. 23-2 ¶ 4.F.); delegated job responsibilities (Doc. 23-2 ¶ 4.E. and I.); ensured store security (Doc. 23-2 ¶ 4.J.); and controlled profits (Doc. 23-2 ¶ 4.K.). (*See also* Doc. 23 at 6-8.)[3, 4]

Plaintiff argues that she spent a substantial amount of time performing non-exempt duties, but her argument suffers from a fatal flaw: Plaintiff ignores the DOL's concurrent duties regulation

---

[3] Plaintiff's argument regarding Manning's inability to testify about what Plaintiff did on any particular day fails to create a triable issue of fact. (Doc. 23 at 9-11.) First, as demonstrated herein, Plaintiff admitted in her deposition and affidavit that she had significant management job duties. Second, Manning's testimony, if anything, shows that Shoe Show did not micromanage Plaintiff, gave her leeway to run the store as she saw fit, and did not keep track of each and every little thing she did.

[4] Plaintiff misstates the evidence in the record when she claims that "Manning admitted that no evaluation had been done of the Jesup store to determine how much of the time that the store manager worked [sic] was devoted to management duties." (Doc. 23 at 11.) Manning testified in his deposition and declaration regarding the ongoing evaluation the Company performed to ensure its store managers were properly classified, which included an assessment of job duties. (Manning Dep. 42:17-44:18; Pl. Dep. 96:4-7; Manning Decl. ¶¶ 3-4.) Plaintiff offered no adequate basis to dispute these facts. (*See* Pl.'s Resp. to DSUMF ¶¶ 47-48.)

which expressly states that the performance of exempt and non-exempt duties does not disqualify an employee from the executive exemption so long as the employee's primary duty is still management. *See* 29 C.F.R. § 541.106(a).  The regulations specifically discuss the scenario where a retail manager is simultaneously performing management and non-management duties:

> an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

29 C.F.R. § 541.106(b).  Here, even if Plaintiff performed the same types of duties as the employees she supervised, she admits that she was still responsible for the management of the store and all of her management duties at the same time.  Specifically, she testified as follows:

> Q:    I take it there were times when you'd be performing the same type of duties as the employees under you in the store, right?
>
> A:    Yes. . . .
>
> Q:    But even when you were doing that you were still responsible for the store as the manager, right?
>
> A:    Correct.
>
> Q:    You were still responsible for all your management duties at the store, right?
>
> A:    Correct.

(Pl. Dep. 59:4-17.)[5]  Thus, it is undisputed that Plaintiff was responsible for the management of the store *100% of the time*, even while she was concurrently performing non-exempt work alongside her subordinates.

---

[5] Given her unequivocal testimony, Plaintiff cannot credibly dispute this fact. (*See* Pl.'s Resp. to DSUMF ¶ 20.)

Of important note, Plaintiff also fails to address or distinguish any of the cases cited by Shoe Show for the proposition that summary judgment is proper even though she did not spend more than half of her time performing exempt duties to establish that her primary duty was management. *See Ferrell v. Gwinnett County Bd. Of Educ.*, 481 F. Supp. 2d 1338, 1344-45 (N.D. Ga. 2007); *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1303 (S.D. Fla. 2006); *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp. 2d 1323, 1334 (N.D. Ga. 2005) (quoting *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990)); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d. 1268 (S.D. Fla. 2004), *aff'd*, 140 Fed. Appx. 168 (11th Cir. 2005).

In addition to failing to distinguish the cases cited by Shoe Show, the authority cited by Plaintiff is distinguishable. For example, Plaintiff relies on the "working foreman" example (29 C.F.R. § 541.115), an outdated regulation predating the 2004 amendments to the white collar exemption regulations of the FLSA. This is not a case where Plaintiff was simply a lead on a production line or the manager of a department or division within a store who "occasionally has some responsibility for directing the work of other nonexempt production line employees when, for example, the exempt supervisor is unavailable." *See* 29 C.F.R. § 541.106(c). Rather, as demonstrated herein, Plaintiff unequivocally testified that she was responsible for the store's operations 100% of the time, even while performing non-exempt duties. (Pl. Dep. 59:4-17.) Thus, the "working foreman" example is inapposite. For the same reason, Plaintiff's reliance on *Brock v. Norman's County Market*, 835 F.2d. 823 (11th Cir. 1988) and *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988), which both predate the 2004 revisions to the regulations, is also improper.

Plaintiff's reliance on *Morgan v. Family Dollar Stores*, 551 F. 3d 1233 (11th Cir. 2008) is also misplaced. (Doc. 23 at 21.) In *Family Dollar*, the store managers spent 80-90% of their time

7

performing non-exempt duties.  *Id.* 551 F.3d at 1249.  The evidence also established that the store managers exercised very little discretion in how they performed their job duties because the store manual detailed with great specificity the precise manner in which the store manager was to perform his or her duties.  Indeed, the court found that Family Dollar's store manual governed the "tiniest of details."  *Id.* 551 F.3d at 1250.   Further, the Family Dollar managers were subject to significant oversight by their district managers.  *Id.* 551 F.3d at 1270-71.  Thus, the court held that the "sweeping corporate micro-management" in conjunction with the "close district manager oversight" meant that the managers had little choice in how they managed their stores.  *Id.* 551 F.3d at 1271.  Finally, and perhaps most importantly, in *Family Dollar* there was no evidence that the managers performed managerial and non-managerial tasks concurrently.  *Id.* 551 F.3d at 1272.  Therefore, *Family Dollar* is factually inapposite to the situation presented here, where Plaintiff admits that she was responsible for the overall store operations at all times and where there is no evidence that Plaintiff was subject to "sweeping corporate micro-management."

For these reasons, the undisputed facts show that Shoe Show properly classified Plaintiff as an exempt employee pursuant to the executive exemption of the FLSA.

### ii.  Plaintiff Was An Exempt Employee Under the Administrative Exemption.

Plaintiff also failed to show there exists any triable issues of fact with respect to whether she satisfied the requirements of the administrative exemption.  *See* 29 C.F.R. § 541.200(a).  First, as stated above, it is undisputed that Plaintiff meets the salary basis test.  (*See* Pl.'s Resp. to DSUMF ¶¶ 39, 41, 44, 45, 46.)

Second, Plaintiff failed to create a genuine issue of material fact as to whether her primary duty was the performance of office or non-manual work directly related to Shoe Show's management of general business operations  *See* 29 C.F.R. § 541.200(a).  For example, Plaintiff

8

admits that she was responsible for hiring employees and training new hires.  (*See* Pl.'s Resp. to DSUMF ¶¶ 12, 17.)  Plaintiff also admits that she was responsible for ensuring the safety of employees and customers in the store, reducing shrinkage, ensuring customer satisfaction, addressing employee concerns, and safeguarding all of the cash on the premises.  (*See* Pl.'s Resp. to DSUMF ¶¶ 30-32, 34-36.)  Furthermore, Plaintiff fails to adequately dispute that she was also responsible for the following duties: (1) the overall store operations (Pl. Dep. 36:2-4; Manning Decl. [Doc. 20-3] ¶ 6); (2) directing how work was to be performed (Pl. Dep. 58:18-20); (3) disciplining employees if necessary (Pl. Dep. 56:8-58:11); (4) making staffing and scheduling decisions for the store (Pl. Dep. 46:21-47:1, 48:5-25); (5) ensuring the store was opened in a timely manner (Pl. Dep. 104:23-105:1; Manning Dep. 46:23-47:8); (6) ensuring employees complied with Shoe Show's policies and procedures (Pl. Dep. 45:8-12); and (7) confirming that employees properly clocked in and out (Pl. Dep 45:13-16).  (*See* Pl.'s Resp. to DSUMF ¶¶ 10, 18, 22, 26-29.) Moreover, as stated above, Plaintiff cannot realistically dispute the fact that, even if she performed the same duties as the employees she supervised, she was still responsible for the management of the store and all of her management duties 100% of the time.  (Pl. Dep. 59:4-17.)

Notably, Plaintiff does not address, much less distinguish, any of the cases cited by Shoe Show in support of its position that summary judgment is appropriate.  *See Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 628 (11th Cir. 2004); *Moody v. Intown Suites Mgmt.*, 2006 U.S. Dist. LEXIS 15012, at *4-5 (N.D. Ga. Mar. 31, 2006).  Plaintiff also fails to cite to *any* authority in support of her position.

Finally, Plaintiff failed to show any triable issues of fact remain with respect to whether her primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 C.F.R. § 541.200(a).  In support of her argument that she had very

9

little discretion, without citing to any evidence in the record, Plaintiff makes the conclusory argument that Shoe Show had a "very regimented formalistic business model." (Doc 23 at 22.) Not only are Plaintiff's conclusory arguments insufficient to avoid summary judgment, but this argument is contradicted by the undisputed facts in the record. Plaintiff admits that she was free from direct supervision, used her discretion in connection with numerous important job duties such as interviewing and hiring part-time associates, and recommended key holders for hire. (*See* Pl.'s Resp. to DSUMF ¶¶ 6, 12, 13.) Plaintiff also cannot deny that she was responsible for (1) the overall store operations at a store which, on average, generated approximately $880,000 in revenue per year (Pl. Dep. 36:2-4; Manning Decl. ¶ 6); (2) directing how work was to be performed by assigning employee duties within the store (Pl. Dep. 58:18-20); (3) disciplining employees if necessary without first seeking her manager's approval (Pl. Dep. 56:8-58:11); and (4) making staffing and scheduling decisions for the store (Manning Dep. 49:3-10; Pl. Dep. 46:21-47:1, 48:5-25). (*See* Pl.'s Resp. to DSUMF ¶¶ 10, 18, 21-22, 27.) Therefore, Plaintiff exercised the requisite discretion and independent judgment.

For these reasons, the undisputed evidence shows that Plaintiff meets all of the necessary requirements of the administrative exemption.

**b.** **Even If Plaintiff's Overtime Claim Proceeds, Any Back Pay Should Be Calculated At The Half-Time Rate.**

Plaintiff effectively failed to address Shoe Show's argument that the half-time approach is the appropriate method to calculate any back pay if she prevails on her overtime claim. (Doc. 23 at 22-23.) Instead, Plaintiff only argues that Shoe Show's reliance on 29 C.F.R. § 778.113 is "puzzling." (Doc. 23 at 23.) There is nothing puzzling about Shoe Show's reliance on this regulation. And regardless, even if Shoe Show's reliance on this regulation was "puzzling," merely arguing that one of the myriad authorities cited by Shoe Show is "puzzling" while ignoring

all of the other authority cited by Shoe Show is insufficient to avoid summary judgment. *See* Dep't of Labor, Wage and Hour Division, Opinion Letter FLSA 2009-3 (January 14, 2009); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1312 (11th Cir. 2013); *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351 (4th Cir. 2011); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010); *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988); *Sigida v. Munroe Foods 2 LLC*, 2016 U.S. Dist. LEXIS 173183, at *20-22 (N.D. Ga. Dec. 15, 2016); *Shaw v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 117582, at *14-19 (N.D. Ga. July 29, 2010); *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381, n.2 (S.D. Fla. 2007); *Linscheid v. Natus US Med., Inc.*, 2015 U.S. Dist. LEXIS 40255, at *34 (N.D. Ga. Mar. 30, 2015).

Simply put, the undisputed evidence shows that Plaintiff's weekly pay was intended to, and did in fact, compensate her for all hours worked, including any hours over 40 each week. Plaintiff admits that she was paid a weekly salary of $700 per week and that her salary did not vary from week to week based on the quantity or quality of her work. (*See* Pl.'s Resp. to DSUMF ¶¶ 39, 44-45.) Therefore, because Shoe Show has already paid Plaintiff straight time for all hours worked, including any hours over 40, the overtime premium for purposes of determining back wages owed, if any, should be calculated pursuant to the half-time method.

### c. Even If Plaintiff's Overtime Claim Proceeds, Plaintiff Is Not Entitled To Liquidated Damages.

Even if the Court does not dismiss Plaintiff's overtime claim in its entirety, it should nevertheless dismiss her claim for liquidated damages. Without citing to any evidence in the record, Plaintiff claims that Shoe Show failed to perform an analysis of "the Jesup store." (Doc. 23 at 24.) Plaintiff's argument ignores the undisputed evidence in the record. Here, Manning testified in his deposition and declaration regarding the ongoing evaluation the Company

performed to ensure *all of* its store managers (including Plaintiff) were properly classified, which included an assessment of job duties.  (Manning Dep. 42:17-44:18; Pl. Dep. 96:4-7; Manning Decl. ¶¶ 3-4.)  Plaintiff offered no adequate basis to dispute these facts.  (*See* Pl.'s Resp. to DSUMF ¶¶ 47-48.)  In addition, Plaintiff testified that she has no reason to believe that Shoe Show knew it was paying her incorrectly, yet chose to pay her that way regardless.  (Pl. Dep. 96:19-22.)

Moreover, Plaintiff's argument that she is entitled to liquidated damages simply because Shoe Show failed to pay her after she "made [a] demand for overtime" does not save her claim. (Doc. 23 at 24.)  Taking Plaintiff's argument to its absurd logical conclusion would mean that summary judgment would never be appropriate on a claim for liquidated damages if the plaintiff demands overtime wages and the defendant does not pay it.

Shoe Show has satisfied the elements of the good faith defense.  As a result, Plaintiff is not entitled to liquidated damages in this case.  *See Billingslea v. Brayson Homes, Inc.*, 2007 U.S. Dist. LEXIS 18165, at *23 (N.D. Ga. Mar. 15, 2007) (granting summary judgment on the plaintiff's claim for liquidated damages).

## III.   CONCLUSION

For the foregoing reasons, Shoe Show respectfully requests that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims *with prejudice*.

Respectfully submitted this 5th day of March, 2018.

JACKSON LEWIS P.C.

*/s/ Justin R. Barnes*_____
Justin R. Barnes
Georgia Bar No. 105220
Dania L. Haider (*Admitted Pro Hac Vice*)
Georgia Bar No. 477587

1155 Peachtree Street, NE
Suite 1000

12

Tel:  (404) 525-8200
Fax: (404) 525-1173
Email: barnesjr@jacksonlewis.com
   dania.haider@jacksonlewis.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KRISTI MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-cv-00024- |
| | ) | LGW-RSB |
| SHOE SHOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2018, I electronically filed a true and accurate copy of the foregoing ***DEFENDANT SHOE SHOW, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT*** via the Court's CM/ECF system, and that such system will send electronic notice of the filing to the following:

W. Douglas Adams, Esq.
Post Office Box 857
Brunswick, Georgia 31521-0857

*/s/ Justin R. Barnes*_____
Justin R. Barnes
Georgia Bar No. 105220