# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KRISTI MOBLEY,

    Plaintiff,

v.

SHOE SHOW, INC.,

    Defendant.

CV 2:17-024

## ORDER

Before the Court is a Motion for Reconsideration by Defendant Shoe Show, Inc. Dkt. No. 29. For the reasons set forth below, Defendant's Motion for Reconsideration is **DENIED**.

## BACKGROUND

On February 2, 2018, Defendant moved for summary judgment on Plaintiff's claims. Dkt. No. 17. The motion became fully briefed and ripe for review when Defendant filed its reply brief on March 5, 2018. Dkt. No. 25. On April 2, 2018, the Supreme Court of the United States issued its opinion Encino Motorcars LLC v. Navarro et al., 138 S. Ct. 1134 (2018). In it, the Court rejected "the principle that exemptions to the FLSA should be construed narrowly." Id. at 1142. Instead, the Court required lower courts to give FLSA exemptions a "fair reading." Id.

Here, the Court entered an order, dkt. no. 28, on September 24, 2018, that granted in part and denied in part Defendant's Motion for Summary Judgment, dkt. no. 17. In the subsections of the order addressing Defendant's exemption defenses, the Court noted that Eleventh Circuit precedent required FLSA exemptions to be narrowly construed, i.e., the narrow construction principle. Dkt. No. 28 at 11 (citing Nicholson v. World Business Network, Inc., 105 F.3d 1361, 1364 (11th Cir. 1997)). It also noted language from the Eleventh Circuit that relied on the narrow construction principle: an exemption must "be applied only to employees clearly and unmistakably within the terms and spirit of the exemption," dkt. no. 28 at 11 (quoting Morgan v. Family Dollar Stores, 551 F.3d 1233, 1269 (11th Cir. 2008)); and an exemption must be proven by "clear and affirmative evidence," dkt. no. 28 at 11 (quoting Birdwell v. City of Gadsden, 970 F.2d 802, 805 (11th Cir. 1992)). In light of Encino's express rejection of the narrow construction principle's application to FLSA exemptions, Defendant has moved for the Court to reconsider the subsections of the Court's order denying Defendant's motion for summary judgment.

## LEGAL STANDARD

[R]econsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." Whitesell Corp. v. Electolux Home Prods., Inc., 2010 WL 4025943, at *7 (S.D. Ga. 2010). In order to grant such a motion, "[t]here must be a reason

2

why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to amend its prior decision." Mehta v. Foskey, 2013 WL 1808764, at *1 (S.D. Ga. 2013). Reconsideration is only appropriate if the moving party demonstrates: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). Any decision to grant a motion for reconsideration rests within the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

## DISCUSSION

The issue is whether Encino's rejection of the narrow construction principle in FLSA exemption cases is law of such a "strongly convincing nature" that it "induce[s] the court to amend its prior decision." Mehta, 2013 WL 1808764, at *1. Although there may be FLSA exemption cases where the abrogation of the narrow construction principle changes the result, this is not one of those cases.

At this stage, Defendant has not shown that the executive and administrative exemptions apply as a matter of law. Here, the Court found "ample evidence in the record" showing "that

Plaintiff's nonexempt work may have been equally, if not more, important to the operation of the store." Dkt. No. 28 at 26. This ample evidence creates a genuine issue of material fact as to whether Plaintiff's primary duty was management. This ample evidence also creates genuine issues of material fact as to the two primary duty requirements of the administrative exemption. Thus, application of the narrow construction principles is not necessary to the conclusion that based on this record Defendant has failed to prove that either exemption applies as a matter of law. Accordingly, the Court's decision regarding the executive exemption issue and the administrative exemption issue shall not be amended.

## CONCLUSION

For these reasons, Defendant's Motion for Reconsideration, dkt. no. 29, is **DENIED**.

**SO ORDERED**, this 9th day of October, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA